**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARDO CORTEZ RODRIGUEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | No. 1:26-cv-02510 JLT CDB (HC)<br>A-Number: 094-373-394<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 11) |

Eduardo Cortez Rodriguez is a federal immigration detainee. He initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 2, 2026, while in custody of Immigration and Customs Enforcement at the California City Detention Facility, where he remains detained. (Doc. 1.) This matter was referred to a U.S. magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

At the Court's direction, the parties filed briefing on the merits of the petition. (Docs. 9, 10.) Following review of the pleadings and briefing, on August 14, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's petition for writ of habeas corpus. (Doc. 11.) The Court served the findings and recommendations on all parties and Respondents timely filed objections. (Doc. 12.)

In their objections, Respondents object to the findings and recommendations for the same

reasons advanced in Respondents' earlier filing, to wit, that Petitioner has a final removal order such that his detention is governed by and mandatory under 8 U.S.C. § 1231 and that Petitioner is not entitled to a bond hearing or immediate release. *Id.*; *see* (Doc. 9.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. As the findings and recommendations recognize (Doc. 11 at 8), Petitioner's order of removal is pending review by the Ninth Circuit, which has entered an automatic stay, so the order of removal is not final for purposes of application of 8 U.S.C. § 1231. *See Cortes Rodriguez v. Blanche*, 25-4049 (9th Cir. June 30, 2025), Doc. 3; Ninth Circuit General Order 6.4(c); 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, it does not appear on this record that Petitioner is subject to any form of § 1231 mandatory detention. Instead, the findings and recommendations correctly conclude that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based upon his criminal record, which includes convictions for second degree burglary and felon in possession of a firearm, among others, (Doc. 11 at 2, 10), but that his detention, which is now approaching 28 months, has become unreasonably prolonged without having the opportunity for a bond hearing. (*Id*. at 16–17.)

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on August 14, 2026 (Doc. 11) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A Number: A-094-373-394) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so

great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
6. The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.
7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _September 3, 2026_

UNITED STATES DISTRICT JUDGE